UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ProSight Global, Inc.,<br><br>          Plaintiff,<br><br>v.<br><br>Amimon, Inc. and<br>Amimon LTD,<br><br>          Defendants. | Case No. 16-CV-8171<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff ProSight Global, Inc. ("PGI") (collectively "Plaintiff" or "PGI"), by its undersigned attorneys, alleges as follows for its Complaint against Defendants Amimon, Inc. and Amimon LTD (collectively "Defendants" or "Amimon"):

### Nature of the Action

2. This case concerns the unauthorized use of the trademark PROSIGHT by Defendants in connection with their cameras and affiliated equipment for use with drones.

### Parties

3. PGI is a corporation organized under the laws of the State of Delaware, with a principal place of business located at 412 Mt. Kemble Ave., Suite 300C, Morristown, New Jersey, 07960.

4. Upon information and belief, Defendant Amimon, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 2025 Gateway Pl. Suite 450, San Jose, CA 95110.

5.      Upon information and belief, Defendant Amimon LTD is a corporation organized and existing under the laws of Israel, with a principal place of business at 2 Maskit St., Herzliya 4673302, Israel.

6.      Upon information and belief, Amimon LTD and Amimon, Inc. offer for sale their ProSight products as part of their Connex line of products under the name "Connex ProSight" or "ProSight" (collectively referred to as "ProSight") through various distributors throughout the United States, including, *e.g.* B&H Photo Video, located at 420 9th Avenue, New York, New York.

## Jurisdiction and Venue

7.      The Court has jurisdiction of the action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338 and 1367 and general principles of ancillary and pendent jurisdiction.

8.      This Court has personal jurisdiction, general and specific, over Amimon Inc., because it regularly conducts business within this district, including the sale of its ProSight products, which are at issue in this Complaint.

9.      This Court has personal jurisdiction, general and specific, over Amimon LTD, because it regularly conducts business within this district, including the sale of its ProSight products, which are at issue in this Complaint.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because Defendants regularly conduct business in this District, and because a substantial part of the acts or omissions giving rise to the claims asserted herein occurred in this District.

## The PROSIGHT trademark

11.      PGI, through its subsidiaries, is a leading specialty insurance company offering innovative solutions to select niche industries, including comprehensive coverage for drone

operators, all under the well-known PROSIGHT brand. At least as early as July 2010, the name PROSIGHT has been used as part of Plaintiff's company name and as its brand.

12. PGI is the owner of various U.S. Trademark Registrations as described herein, and will be referred to collectively as the PROSIGHT marks.

13. PGI is the owner of U.S. Trademark Registration No. 4,368,389, duly issued by the United States Patent and Trademark Office on July 16, 2013 for the trademark PROSIGHT for insurance administration, insurance brokerage, insurance consultation, and insurance underwriting in the field of property and casualty insurance. The registration is valid, and in full force and effect. A copy of Registration No. 4,368,389 is annexed hereto as Exhibit 1.

14. PGI is the owner of U.S. Trademark Registration No. 3,935,613, duly issued by the United States Patent and Trademark Office on March 22, 2011, for the trademark PROSIGHT SPECIALITY INSURANCE, together with the associated black and white logo (as shown below), for insurance administration, insurance brokerage, insurance consultation, and insurance underwriting in the field of property and casualty insurance. The registration is valid and incontestable. A copy of Registration No. 3,935,613 is annexed hereto as Exhibit 2.



15. PGI is the owner of U.S. Trademark Registration No. 4,388,394, duly issued by the United States Patent and Trademark Office on August 20, 2013, for the trademark PROSIGHT SPECIALTY for insurance administration in the field of property and casualty insurance, insurance brokerage in the field of property and casualty insurance, insurance

consultation, and insurance underwriting in the field of property and casualty insurance. The registration is valid, and in full force and effect. A copy of Registration No. 4,388,394 is annexed hereto as Exhibit 3.

16. At least as early as March 2015, PGI, through its subsidiaries, began offering a new insurance product directed to drone operators, which can cover operations such as filming, rental, events agriculture, and non-flight events under the brand PROSIGHT. The size of the drone insurance market is expected to grow to approximately $500 million to $4 billion by 2021. Accordingly, PGI stands to gain significant potential revenue from the drone insurance space over the next five years.

17. As a part of its business strategy, PGI, through its subsidiaries, offers other innovative services to its consumers in connection with its insurance products. For example, PGI has created SecureFleet, an insurance product for its transportation clients that combines insurance with telematics, event recording and driver coaching. With SecureFleet, customers receive a dash-camera system in order to monitor driving events. The camera received by the customers are offered by PGI and includes the PROSIGHT marks, as shown below. Since 2014, PGI and its subsidiaries have received well in excess of $10 million per year in insurance premiums from SecureFleet policy holders. Stated otherwise, the PROSIGHT marks are not only used in connection with drone insurance, but are also used in connection with insurance products that offer Plaintiff's clients the use of a camera in a vehicle.



### Defendants' Unlawful Conduct

18. On information and belief, on May 10, 2016, Amimon introduced its new product, ProSight, as part of its Connex line of products. On information and belief, ProSight is an all-digital, HD vision solution marketed to "First Person View" drone pilots. On information and belief, Amimon's ProSight products include a camera that can be attached to a drone, a transmitter, and a ground receiver to enable a drone operator to visually operate a drone. A photograph of the camera that is used with a drone and packaging appears below:

 

19. On the top of the camera, left above, only the term "ProSight" is used. On the packaging of the camera, right above, the term ProSight is used alone and in conjunction with Connex. However, when used in conjunction with Connex, "ProSight" is the dominant word and "Connex" appears in a significantly smaller font above "ProSight."

20. On information and belief, Amimon's ProSight product can be found throughout the United States, and is sold in New York City, through B&H Photo and Video.

21. On or around May 16, 2016, PGI became aware of Amimon's use of PROSIGHT in connection with camera systems for drones.

22. As of the date of this Complaint, a natural Google search for "prosight drone" shows that four of the ten results on the first page direct an individual to Defendants' product. A natural Google search for "prosight" shows that four of the first 17 results direct an individual to Defendants' product. Exhibits 4 and 5 are true and correct printouts of the results page for Google searches for "prosight drone" and "prosight" respectively. Upon information and belief, the use of the mark PROSIGHT on Amimon's website and in its product name, when viewed by ordinary consumers and potential consumers of drone camera products, is likely to cause confusion as to the source or sponsorship of its goods.

23. On May 18, 2016, ProSight Specialty Insurance Group, Inc., a subsidiary of PGI, requested on behalf of itself and its related entities that Amimon cease using the PROSIGHT marks or any other name confusingly similar thereto by written letter annexed hereto as Exhibit 6.

24. Subsequently the parties engaged in negotiations, but were unable to reach a mutually agreeable resolution. To date, despite being informed of PGI's position and use of cameras as part of its current product offering, Amimon has refused to cease and desist from using PROSIGHT in connection with camera systems for drones.

25. Defendants' use of PROSIGHT in connection with camera systems impedes PGI's ability to use PROSIGHT as a single-source identifier for camera systems that it currently offers to its customers as part of its insurance products.

26. Amimon did not license or otherwise obtain any rights from PGI, nor has Amimon obtained PGI's permission to use the PROSIGHT marks in connection with advertising and promotion of its goods.

### Count I: Federal Trademark Infringement

27. PGI realleges and incorporates by reference all of the allegations in paragraphs 1-26 as if fully set forth herein.

28. By reason of PGI and/or its subsidiaries' continuous and exclusive use of the PROSIGHT marks in connection with its insurance products, the amount of sales of its products, and advertising expenditures, the PROSIGHT marks have acquired secondary meaning.

29. Defendants' infringement of the marks in the manner set forth above is trading on the PROSIGHT marks and the goodwill of the PROSIGHT marks, and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products are associated or connected with Plaintiff or have the sponsorship or approval of Plaintiff.

30. The actions of Defendants complained of herein are likely to cause confusion, to cause mistake or to deceive others into erroneously believing that Defendants or their products are authorized by, licensed by, sponsored by, endorsed by or otherwise associated with PGI.

31. PGI has placed Defendants on notice of their infringement and unlawful conduct at least as early as May 18, 2016, but Defendants have not terminated their wrongful conduct.

32. The foregoing acts of Defendants constitute willful and deliberate infringement of PGI's federal registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(a).

33. Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

<u>Count II: Federal Unfair Competition</u>

34. PGI realleges and incorporates by reference all of the allegations in paragraphs 1-33 as if fully set forth herein.

35. By reason of PGI and/or its subsidiaries' continuous and exclusive use of the PROSIGHT marks in connection with its insurance products, the amount of sales of its products, and advertising expenditures, the PROSIGHT marks have acquired secondary meaning.

36. Defendants' infringement of the marks in the manner set forth above is trading on the PROSIGHT marks and the goodwill of PROSIGHT marks, and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products are associated or connected with Plaintiff or have the sponsorship or approval of Plaintiff.

37. The actions of Defendants complained of herein are likely to cause confusion, to cause mistake or to deceive others into erroneously believing that Defendants or their products are authorized by, licensed by, sponsored by, endorsed by or otherwise associated with PGI.

38. PGI has placed Defendants on notice of their infringement and unlawful conduct at least as early as May 18, 2016, but Defendants have not terminated their wrongful conduct.

39. The foregoing acts of Defendants constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

40. Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

### Count III: State Law Unlawful Deceptive Acts and Trade Practices

41. PGI realleges and incorporates by reference all of the allegations in paragraphs 1-40 as if fully set forth herein.

42. Defendants' infringement of the marks in the manner set forth above is likely to cause confusion, deception, and mistake by creating the false and misleading impression among the consuming public, including New York consumers, that Defendants' products are associated or connected with Plaintiff or have the sponsorship or approval of Plaintiff.

43. PGI has placed Defendants on notice of their infringement and unlawful conduct at least as early as May 18, 2016, but Defendants have not terminated their wrongful conduct.

44. The foregoing acts of Defendants constitute deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

45. Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

### Count IV: Common Law Trademark Infringement

46. PGI realleges and incorporates by reference all of the allegations in paragraphs 1-45 as if fully set forth herein.

47. By reason of PGI's and/or its subsidiaries' continuous and exclusive use of the PROSIGHT marks in connection with its insurance products, the amount of sales of its products, and advertising expenditures, the PROSIGHT marks have acquired secondary meaning.

48. By reason of all of the foregoing, Plaintiff has acquired common law trademark rights in its marks.

49. The actions of Defendants complained of herein are likely to create confusion, mistake, and deception of consumers into believing that Defendants are authorized by, licensed by, sponsored by, or otherwise associated with the common law trademark rights in PGI's marks.

50. The foregoing acts constitute misuse and infringement of Plaintiff's marks in violation of the common law of the State of New York.

51. Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

### Count V: Common Law Unfair Competition

52. PGI realleges and incorporates by reference all of the allegations in paragraphs 1-51 as if fully set forth herein.

53. The actions of Defendants complained of herein constitute a misuse and misappropriation of PGI's rights by the unlawful use by Defendants of the PROSIGHT marks and trade name and the goodwill associated therewith, all of which constitute unfair competition and trade practices, false advertising and passing off under the common law of the State of New York.

54. Defendants' infringement of Plaintiff's marks in the manner set forth above is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products are associated or connected with Plaintiff or have the sponsorship or approval of Plaintiff.

55. The acts and conduct of Defendants complained of herein are willful and wanton, constituting intentional misconduct or gross negligence.

56.     Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

WHEREFORE, PGI prays for the following relief:

A.     Preliminarily and permanently enjoining Defendants, their parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using PGI's marks, and from using, affixing, offering for sale, selling, advertising, promoting good with the PROSIGHT marks, or any other trade name or trademark confusingly similar thereto;

B.     Preliminarily and permanently enjoining Defendants, their parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from, adopting or using any false descriptions or representations, or any false designations of origin, or from otherwise committing any acts of unfair competition by using the PROSIGHT marks or any other trade name or trademark confusingly similar thereto;

C.     Preliminary and permanently enjoining Defendants from use and removing all advertisements in any form, including without limitation advertisements purchased for display on Internet search engines bearing the PROSIGHT marks or any trade name or trademark confusingly similar to the same;

D.     Ordering Defendants to alter web pages to promptly remove the PROSIGHT marks from all websites owned or operated on behalf of Defendants, their parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from;

E.   Awarding PGI damages including, *inter alia,* disgorged profits or a reasonable royalty, and punitive damages, in an amount to be proven at trial, together with prejudgment interest and trebled pursuant to 15 U.S.C. §1117(b);

F.   Awarding PGI the costs and fees, including reasonably attorneys' fees, incurred by it in bringing and maintaining this action; and

G.   Awarding PGI such other and further relief as the Court deems just and proper given the facts and circumstances herein.

### Demand for Jury Trial

PGI hereby demands a trial by jury as to all claims so triable.

Dated: October 19, 2016

STROOCK & STROOCK & LAVAN LLP

_____
Steven B. Pokotilow
Laura Goldbard George
Binni N. Shah
180 Maiden Lane
New York, N.Y. 10038
(212) 806-5400
spokotilow@stroock.com

*Attorneys for Plaintiff
Prosight Global, Inc.*